01
02
03
04
05                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
06                              AT SEATTLE

07  UNITED STATES OF AMERICA,        )   CASE NO. CR 21-091
                                     )
08         Plaintiff,                )
                                     )
09         v.                        )   DETENTION ORDER
                                     )
10  SHAY L. LEWIS,                   )
                                     )
11         Defendant.                )
                                     )
12  _____)

13  <u>Offenses charged in Indictment, returned May 26, 2021</u>

14  Six counts of Methamphetamine Offenses**:**

15         Four counts alleging distributions

16         Two counts alleging possession with intent to distribute

17  <u>Date of Detention Hearing</u>:    March 14, 2021

18         The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and

19  based upon the factual findings and statement of reasons for detention hereafter set forth,

20  finds that no condition or combination of conditions which defendant can meet will

21  reasonably assure the appearances of defendant as required and the safety of other persons

22  and the community.

DETENTION ORDER
PAGE -1

## FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) The charges in the Indictment create a rebuttable presumption that defendant should be detained pending resolution of this case. Defendant has alleged some facts, and has presented argument in opposition to the presumption. But the presumption remains as a factor the court is required to consider.

(2) In addition, as detailed below, the United States has shown that defendant, if released, would present a significant risk of flight, and a significant danger to other persons and the community.

(3) The court therefore concludes that defendant has not adequately rebutted the presumption for detention; and that the showing by the United States establishes that she should be detained.

## FLIGHT RISK

(4) Defendant has an extensive state court criminal record. In those cases, the state courts have issued a total of eleven warrants for failures by defendant to appear for hearings.

(5) Defendant admits to the use of methamphetamines, at least as recently as March of this year. She also has a history of mental problems.

(6) She claimed to be living with a friend in Graham, Wa, but did not know the address. She said she could live with her father in Bridgeport, WA; but he in fact lives in Brewster, WA. She claims to be employed at Royal Cuts, in Federal Way; but she appears to be mistaken either as to the name of her

DETENTION ORDER
PAGE -2

employer or as to the city in which it is located.

(7) Defendant proposes to live with her father, and to be subject to electronic location monitoring. But she has violated state court supervision requirements on many prior occasions. In fact, the Government alleges that the offenses charged in the Indictment occurred while she was under supervision. Her relationship with her father does not appear to be sufficiently close that living at his residence would give any reasonable assurance she would comply with conditions of release.

DANGER TO OTHER PERSONS AND THE COMMUNITY

(8) The return of the Indictment establishes probable cause to believe that defendant has been involved in repeated and extensive trafficking in methamphetamine. This is reinforced by the drugs and other evidence recovered during the execution of search warrants.

(9) One or more firearms were recovered from the vehicle in which defendant was arrested three nights ago. Other persons were in the car, and the firearm(s) have not been directly connected to this defendant. But the vehicle was registered to the defendant.

(10) For all of these reasons, the court concurs with the recommendation of the Pretrial Services Office that defendant should be detained.

It is therefore ORDERED:

1. Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Defendant shall be afforded reasonable opportunity for private consultation with counsel;

3. On order of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding;

4. **The medical staff at the Federal Detention Center, Sea-Tac, or other place of confinement for defendant, should consider defendant's concerns about the possibility that she is suffering from cancer, and shall take whatever medical steps are appropriate to evaluate and (if necessary) to treat any such condition;** and

5. The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 14th<sup>st</sup> day of July, 2021.

*/s/ John L. Weinberg*

John L. Weinberg
United States Magistrate Judge